UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Ashley E. Beaver,

    Plaintiff,

v.                                       CASE NO. 8:25-cv-00237-SDM-AEP

PODS Enterprises, LLC,

    Defendant.
_____/

**<u>ORDER</u>**

    Alleging violations of the Telephone Consumer Protection Act and the Florida Consumer Collection Practices Act, Ashley E. Beaver sues (Doc. 1) PODS Enterprises, LLC. The defendant moves (Doc. 41) under Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss the complaint. The plaintiff responds. (Doc. 18)

    In 2023, the plaintiff rented a storage unit from the defendant. (Doc. 1 at ¶ 12) The 'rental agreement' signed by the plaintiff provides that "Customer agrees to permit [the defendant] to contact Customer using an automatic telephone dialing system and/or a prerecorded voice regarding . . . accounts payable." (Doc. 11-1 at Ex. 3 ¶ 28) The plaintiff failed to pay as scheduled and amassed about $2000 in debt. (Doc. 1 at ¶ 13) The defendant began calling the plaintiff's cellular phone to collect the debt. (Doc. 1 at ¶ 14) The plaintiff answered one of these calls and requested that the defendant cease calling her. (Doc. 1 at ¶ 15) After the plaintiff's initial request, the defendant continued calling the plaintiff several times each day to collect the debt.

The defendant used a prerecorded message from a specific phone number. (Doc. 1 at ¶¶ 17-21) To repeat her requests, the plaintiff answered several of these automated calls—but to no avail. (Doc. 1 at ¶ 20)

The TCPA prohibits "any person" from "any call (other than a call made for emergency purposes or made the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice." 47 U.S.C. § 27(b)(1)(A)(iii). The complaint adequately alleges the facts necessary to state a claim under the TCPA because the complaint specifies that the calls used an automated service and that the plaintiff revoked any consent by requesting that the defendant stop calling her. *See Deegan v. Specialized Loan Servicing*, LLC, 2020 WL 13356789 at *3 (M.D.Fla. 2020) (finding that allegations that calls at issue were placed by a recorded voice are sufficient to state a claim under the TCPA); *Smith v. Markone Financial, LLC,* 2015 WL 419005 at *4 (M.D.Fla. 2015) (noting that an oral revocation of consent is effective).

The FCCPA prohibits a debt collector from "willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Sta. § 559.72(7). Although the defendant correctly maintains that repeated calls to the debtor about a debt are not necessarily harassment, the plaintiff alleges that, despite repeated requests, the defendant continued to call daily.

*Borneisen v. Capital One Financial Corp.,* 2011 WL 2730972 (M.D.Fla. Jul. 13, 2011), *aff'd,* 490 Fed.Appx. 206 (11th Cir. 2012).

The defendant's motion is **DENIED**.

ORDERED in Tampa, Florida, on September 19, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE